[Crim. No. 26931. Second Dist., Div. Five. Dec. 23, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK RUTKOWSKY, Defendant and Appellant.

1070

COUNSEL

Jerome A. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Jack T. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEPHENS, J.**—Defendant was convicted following a jury trial of first degree murder, a violation of Penal Code section 187. The use of a firearm within the meaning of Penal Code section 12022.5, as charged, was found to be true. Defendant was sentenced to the state prison.

The facts need not be detailed; suffice it to say that evidence supporting the conviction was, to say the least, substantial. Defendant and the victim argued, engaged in a fistic confrontation, and then separated. Several hours later they confronted each other again and continued their battle verbally. The confrontation ended when defendant blasted the victim in the face with a shot from a 12-gauge sawed-off shotgun. The victim was transported by an automobile to a beach and was buried there under the supervision and direction of defendant. The defense was that the defendant was under the influence of a narcotic or narcotics and that the gun went off by accident while defendant was defending himself against a knife attack.

There is no contention relative to insufficiency of the evidence. Appellant, however, does present four contentions, arguing reversible error.

The first contention is that the court erred in denying defendant's motion to dismiss pursuant to Penal Code section 1382, made by defendant on the 11th and 12th days after the case had been set for trial.[1]

---

[1]The pertinent portion of section 1382 reads: "except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, . . . and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

The defendant filed a motion to disqualify the judge of the court to which it was transferred for trial (Dept. NWC) on the 10th day pursuant to section 170.6 of the Code of Civil Procedure. The case was transferred back to the court from which it had come (Dept. NWR) at 11 a.m. A motion for dismissal under section 1382 of the Penal Code was denied by the court in Department NWR. The following day the case was transferred to Department NWT; another motion to dismiss pursuant to section 1382 was made and denied and jury selection commenced. The next day the jury selection continued. Prior to obtaining a jury, the case was transferred from Department NWT to Department NWM and continued to December 9th (Monday). Jury selection proceeded through the 9th, concluding on the 10th.

██ Defendant's claim of violation of his constitutional right to a speedy trial due to the claimed two-day delay is without merit. Though "numerous" civil cases were commenced within the 10-day grace period, no prejudice is shown denying defendant a fair trial. The delay was actually one day, not two; the delay was caused by the filing of the 170.6 affidavit. Where the denial of a motion to dismiss under section 1382 of the Penal Code is raised by appeal from the judgment, the appellant must show not only unexcused delay but prejudice resulting in an unfair trial. In the absence of such showing, there is no reversible error. (*People v. Wilson*, 60 Cal.2d 139, 151-152 [32 Cal.Rptr. 44, 383 P.2d 452].)

Defendant contends that the court erred in failing to instruct that the testimony of an accomplice is to be viewed with distrust. The basis for this contention is an erroneous assumption that the evidence is susceptible to a conclusion that witnesses Rose and Rodriguez, or either of them, were accomplices. ██ The record does not justify the assumption. Mere presence at the scene of the crime, coupled with a failure to try to prevent the crime, does not justify an instruction on aiding and abetting. (*People* v. *Durham,* 70 Cal.2d 171, 180-181 [74 Cal.Rptr. 262, 449 P.2d 198].) A thorough review of the facts shows no knowledge by either Rose or Rodriguez that the crime was to be committed. Nor was any encouragement shown. The fact that Rose knew of the first argument and the victim's return to the home and had asked defendant also to return there is totally inadequate to support a charge of "accomplice" against her. Her knowledge of the presence of the shotgun in the house is likewise of no aid in this respect. As to Rodriguez, he was merely a percipient *witness to the crime.* ██ The assistance after the fact is insufficient to show aiding and abetting; at worst, such assistance could lead to prosecution for a different offense, namely, accessory after the

murder. (Pen. Code, § 32; *People* v. *Collum,* 122 Cal. 186, 187 [54 P. 589]; *People* v. *Duty,* 269 Cal.App.2d 97, 100-101 [74 Cal.Rptr. 606].)

Defendant claims error in the court's failure to reinstruct the jury that they were not to be concerned with the reason why other prospective jurors were examined *in camera* and excused. The response to this contention, as set forth in the respondent's brief, is substantially adopted as a full and accurate analysis of the invalidity of the contentions:

While defendant's contention in this regard is less than clear, respondent believes that its essence focuses on the claim that prospective jurors should have been instructed that they should not concern themselves as to why certain other prospective jurors were examined *in camera* and excused. ■ No such admonition was required, and defendant's cited authority is not supportive of his contention.

During the *voir dire* of the three prospective jurors in question, each answered questions regarding his suitability as a juror which suggested that he personally might harbor some type of prejudice which would disqualify him for service. On receiving such preliminary signs of prejudice, the court in each case dismissed the jury panel and proceeded to conduct, in the presence of appellant and counsel, an *in camera* inquiry into the problem area. In each instance that inquiry disclosed a prejudice or other disability which permitted the juror to be challenged for cause. Thereafter, the process of completing the selection of a jury continued without any instruction or admonition being given to the jury panel.

In examining the practice of utilizing an *in camera voir dire,* there appears to be no California authority directly on that point. However, pursuant to the mandate of Penal Code section 1078, the trial judge does have the affirmative duty of selecting an impartial jury. (*People* v. *Crowe,* 8 Cal.3d 815, 828 [106 Cal.Rptr. 369, 506 P.2d 193]; *People* v. *Beyea,* 38 Cal.App.3d 176, 195 [113 Cal.Rptr. 254].) Moreover, the Los Angeles County Superior Court Benchbook, citing federal authority, expressly indicates that in a proper case it may be appropriate to conduct *voir dire in camera.* (*United States* v. *Colabella* (2d Cir. 1971) 448 F.2d 1299, 1303.) Consistent with that guideline, the court in *People* v. *Dorsey,* 43 Cal.App.3d 953, 966 [118 Cal.Rptr. 362], quoted *People* v. *Crowe, supra,* 8 Cal.3d at p. 821, for the following proposition: " ' . . . [T]he court will uphold *any method of voir dire* which results in reasonable examination of prospective jurors. . . .' " (Italics original.)

Applying the general guidelines above to the facts here no serious doubt may exist that the court's decision to isolate suspected areas of prejudice from the hearing of other prospective jurors was justified and reasonable. During the *in camera* inquiries, defendant and counsel were not only invited to ask whatever questions counsel wanted, nothing prevented counsel from thereafter continuing to ferret out, through further questioning, any similar prejudices held by the other prospective jurors who had been excluded during the *in-camera* hearings. As such, it is submitted that defendant has no viable complaint concerning the method adopted to insure the selection of an impartial jury.

Defendant's primary attack, however, is apparently directed at the trial court's failure to admonish or reinstruct the prospective jurors that they should not be concerned with the *in camera* proceedings or the removal of those persons from the jury panel. There was no need for such an admonition since previous *voir dire* of the entire panel in open court had made its purpose abundantly clear, i.e., that persons with prejudices that would affect their ability to render an impartial verdict based on the evidence were unqualified to sit in judgment as jurors.

Finally, while defendant cites the case of *United States* v. *Colabella, supra,* 448 F.2d 1299, 1304, for the proposition that reinstruction may be warranted in some circumstances to "prevent a chain reaction of illusory prejudice," that comment was in no way directed towards admonishing jurors not to speculate or to formulate any opinions about "the dismissal of two jurors. . . ." Instead, that suggestion was, as indicated, intended to quiet prospective jurors' fears about any "illusory prejudice" which they might fear they harbored. (*United States* v. *Colabella, supra,* 448 F.2d at p. 1304; italics added.) Hence, the method to be utilized to accomplish this objective is to "reinstruct . . . on the concept of prejudice. . . ." (*Id.,* at p. 1304.)

In short, the authority defendant cites has no application to the instant matter, and we find no authority which in any way suggests that an admonition of the type appellant seeks is required.

■ Defendant's final contention is that section 12022.5 of the Penal Code, as relates to murder, constitutes cruel and unusual punishment and violates Penal Code section 654. *People* v. *Chambers,* 7 Cal.3d 666, 671-672 [102 Cal.Rptr. 776, 498 P.2d 1024], and *People* v. *Aguilar,* 32

Cal.App.3d 478, 486 [108 Cal.Rptr. 179], adequately answer this contention adversely to defendant's position.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 10, 1976.