[Civ. No. 48701. First Dist., Div. Four. July 23, 1980.]

In re ANTHONY H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY H., Defendant and Appellant.

**COUNSEL**

Robert Hale McConnell, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KRONINGER, J.\***—A petition was filed October 31, 1979, alleging that the minor appellant was a person described in Welfare and Institutions Code section 602, in that he had committed a robbery (Pen. Code, § 211) while using a deadly or dangerous weapon, a knife (Pen. Code, § 12022, subd. (b)). A supplemental petition alleged that he was already a ward of the court and advised him that his placement might be changed.

At a hearing before a referee the petitions were sustained by a finding of the lesser offense of attempted robbery with a knife. Wardship was redeclared and appellant was committed to the Youth Authority for a period not to exceed 42 months consisting of 30 months for the attempted robbery and 12 months enhancement for the weapon use.

An application for rehearing was denied by the superior court and this appeal followed.

On October 30, 1979, David Shuler, a visitor to San Francisco, was walking down Turk Street reading a map, in an effort to locate Market Street. Appellant, sitting on a railing with two other persons, loudly told Shuler to "come here." Shuler turned away and hastened his walking, but appellant stepped in front of him, blocking his path, and told him to give appellant his wallet. Shuler was frightened because appellant had in his right hand a knife with a five-inch blade; Shuler did not want to attempt to do anything but give appellant his wallet and he reached in his back pocket to extract it. At that moment two motorcycle police officers arrived behind Shuler, whereupon appellant said "Forget about it. It's cool." and turned to leave. Shuler reported the incident to the officers and appellant was arrested after a brief chase.

---

*Assigned by the Chairperson of the Judicial Council.

Appellant testified, denying the offense, but admitted that he approached Shuler, who was reading a map, and asked, "What you looking at, punk?"

■ Appellant appears to argue that there was no evidence that he used the knife, that therefore there could be no force or fear and thus no attempted robbery. In that connection, he argues that "there was sufficient evidence to permit the finding of only an assault with a deadly weapon." But, if there was an assault with a deadly weapon, as he concedes, that coupled with the demand for the wallet was sufficient for a robbery attempt. The evidence was clearly sufficient.

■ Appellant argues that the use of the knife was an essential element of the attempted robbery, supplying the fear or force required for a finding. Therefore, he argues, the use of the knife was improperly counted twice in fixing appellant's sentence, being considered both for the robbery attempt and the enhancement, thus resulting in multiple punishment prohibited by Penal Code section 654, citing *People* v. *Panky* (1978) 82 Cal.App.3d 772 [147 Cal.Rptr. 341].

This argument is without merit. The rule against multiple punishments has no constitutional foundation, but is given definition solely by statute (*In re Troglin* (1975) 51 Cal.App.3d 434, 439 [124 Cal.Rptr. 234]; see *People* v. *Perez* (1979) 23 Cal.3d 545, 550-551 [153 Cal.Rptr. 40, 591 P.2d 63]), and it is firmly established that the enhancements allowed under the determinate sentence law do not run afoul of the prohibition against multiple punishments. (*People* v. *Chambers* (1972) 7 Cal.3d 666, 672 [102 Cal.Rptr. 776, 498 P.2d 1024]; *People* v. *Rutkowsky* (1975) 53 Cal.App.3d 1069, 1074 [126 Cal.Rptr. 104].)

■ Appellant argues in the alternative that when Penal Code section 12022 enhancement is applied to a conviction of an attempted felony, the enhancement should be reduced by half, just as is the sentence for the main offense. On the contrary, section 12022 by its terms expressly adds one year on conviction of a "felony or attempted felony."

Appellant finally argues that section 12022, in excluding the one-year enhancement where "use of a deadly or dangerous weapon is an element of the offense of which he was convicted," renders the enhancement here improper, because his use of a knife was an "element" of the incident.

If by "*is* an element" the Legislature meant to exclude enhancement when, in the particular case under consideration, the use of the weapon happened to be an element, then appellant is correct, for here, the use of the knife was in fact an element of the crime. The only evidence of force or fear was the victim's testimony that he was frightened "cause in his right hand he had a knife" and for that reason the victim wanted to comply with appellant's demand for the wallet.

If appellant's interpretation of Penal Code section 12022 (and 12022.5) were correct, however, the statute would be self-defeating and meaningless, for it leaves room for no case in which enhancement can be had; in every case where used, the weapon is an "element." The only way to give meaning to the language of section 12022, subdivision (b) (and 12022, subd. (a), and 12022.5) is to read it as requiring enhancement if a deadly weapon is used in the particular case, unless the kind of offense of which defendant was convicted cannot be committed without such use. The courts have so assumed, without necessarily expressly deciding the question. (See, e.g., *People* v. *Harvey* (1979) 25 Cal.3d 754, 759-761 [159 Cal.Rptr. 696, 602 P.2d 396]; *People* v. *Anjell* (1979) 100 Cal.App.3d 189 [160 Cal.Rptr. 669]; *People* v. *Smith* (1980) 101 Cal.App.3d 964 [161 Cal.Rptr. 787]; *People* v. *Davis* (1980) 103 Cal.App.3d 270, 276-279 [163 Cal.Rptr. 22]; *People* v. *Gaines* (1980) 103 Cal.App.3d 89, 98 [162 Cal.Rptr. 827], hg. den.) So interpreted, the exclusion is given rational meaning and is unavailable to appellant here, as use of a knife or other dangerous or deadly weapon is not an essential element of the offense of attempted robbery. (See *People* v. *Cortez* (1980) 103 Cal.App.3d 491, 496 [163 Cal.Rptr. 1]: "While robbery is the taking of property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear, the *particular means of force or the manner in which fear is imparted is not an element of robbery.* [Italics added.]")

█ We hold, therefore, that although in this case the use of the knife supplied the stimulus for an element of the crime (fear), it is yet properly considered as requiring enhancement, as use of a dangerous or deadly weapon is not an "element" of the felony of attempted robbery.

A rehearing before the superior court was requested. On the date set, the superior court judge called the matter and announced, "I have read the two transcripts in the matter, that of November 14th and November 8th, and rehearing is denied."

■ Appellant contends that despite Welfare and Institutions Code section 252, providing that the superior court judge may grant or deny the application for rehearing after reading the transcript of proceedings before the referee, Welfare and Institutions Code section 254 ("All rehearings...shall be conducted de novo.") requires the evidence to be retaken. The question has been decided against him. "An application for rehearing requires a reexamination of the entire record by the juvenile court judge; it is necessary that the judge examine the complete transcript of the proceedings before the referee in order to exercise an informed independent judgment. [Citations.]" (*In re John H.* (1978) 21 Cal.3d 18, 25 [145 Cal.Rptr. 357, 577 P.2d 177].)

The judgment is affirmed.

Caldecott, P. J., and Christian, J., concurred.