Filed 4/23/14  P. v. Hannah CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL JAMES HANNAH,<br><br>    Defendant and Appellant. | C071651<br><br>(Super. Ct. No. 12F2464) |

Defendant Daniel James Hannah was convicted by jury of attempted burglary, burglary, and other crimes.  Sentenced to an aggregate term of 12 years in state prison, he appeals.  He contends:  (1) the trial court abused its discretion in denying his severance motion, (2) there was insufficient evidence to establish that he committed burglary, (3) the trial court erred by imposing separate, unstayed terms for burglary of a house and a separate shop on the same property, and (4) the trial court erred by imposing a separate, unstayed term for burglary as well as for both grand theft of a firearm and possession of ammunition by a convicted felon.  Only the last contention has merit.  We therefore modify the judgment and affirm the judgment as modified.

1

FACTS AND PROCEDURE

*Howard Drive Attempted Burglary*

On June 14, 2011, Diana Turner was living on Howard Drive in Redding.  In the early afternoon, she heard the doorbell ring incessantly but did not answer the door. After the doorbell stopped ringing, she heard a pounding sound in the backyard.  She thought it was her landlord.  Turner looked into the backyard and saw defendant trying to break in to the house.  She called 911.

Turner went outside and told a woman who had been driving in the neighborhood that two men who were walking away from Turner's house had tried to break in.  The two men separated, and the woman followed defendant.  Eventually, police officers arrived and arrested defendant.

An officer who checked Turner's house found no evidence of actual entry by defendant, but Turner later called the officer to report that she had found a methamphetamine pipe in the bathroom.  The window to the bathroom was partially open and the screen was off.

*Boulder Ridge Trail Burglaries*

In June 2011, Glen Bates lived on Boulder Ridge Trail in Shingletown.  He had 20 acres, on which were situated a house with a garage and an outbuilding used as a shop. Bates left for a few days on vacation.  When he returned, he discovered that his house and shop had been burglarized.

In the garage, Bates had a gun safe with approximately 22 firearms, along with ammunition, gold and silver, and other items.  The safe had been cut open, and the contents were gone.

In a freezer in the garage, Bates had ribs and ribeye steaks that he had packaged using a vacuum sealer.  They were also gone.

Other items taken from the property included a television, a knife set, a shotgun, a computer, platinum, jewelry, baseball cards, cash, an unopened package of underwear, a backpack, keys, a coin collection, a video game console, and some video game discs.

Someone had also broken into the shop. Many of the items Bates kept in the shop were in the garage.

Sheriff's deputies did an investigation at the Boulder Ridge Trail property but found no evidence there connecting defendant to the scene.

*Possession of Personal Property Stolen from Boulder Ridge Trail Property*

On June 25, 2011, a backpack taken from the Boulder Ridge Trail property was found by police. Inside the backpack were several pairs of underwear, a flashlight, cash, silver coins, platinum, jewelry, and gold coins, all identified by Bates as coming from his property. Also in the backpack were three Win-River Player's Club cards bearing defendant's name.

On June 30, 2011, defendant was stopped in a car by a Redding police officer. In the car were found a proof-set of coins, jewelry, a video game disc, cash, and several live rounds of "35 WCF" ammunition. In a search of defendant's home the same day, officers found books with coins in them, .357-caliber ammunition, and a video game console and discs. In defendant's freezer were ribs and ribeye steaks in the same packaging Bates had used. Bates testified that the items found in defendant's car and home were from Bates's property. He also testified that the "35 WCF" ammunition had been in his gun safe and that it was a very unusual caliber no longer manufactured.

*Convictions and Sentencing*

A jury convicted defendant of attempted first degree burglary of the home on Howard Drive. (Pen. Code, §§ 459, 664.) It also convicted defendant of first degree burglary of the Boulder Ridge Trail home (Pen. Code, §§ 459, 460, subd. (a)) and second degree burglary of the shop (Pen. Code, §§ 459, 460, subd. (b)), as well as grand theft of a firearm (Pen. Code, § 487, subd. (d)(2)). The jury found true the allegation that

3

defendant took property valued in excess of $100,000 and caused a loss in excess of $65,000 at the Boulder Ridge Trail property. (Pen. Code, §§ 1203.045, subd. (a); 12022.6, subd. (a)(1).) Defendant pleaded no contest to being a convicted felon in possession of ammunition (Pen. Code, former § 12316, subd. (b)) and admitted that he had a prior conviction (Pen. Code, § 667.5, subd. (b)) and that he committed the Boulder Ridge Trail offenses while on bail (Pen. Code, § 12022.1, subd. (a)).

The trial court sentenced defendant to 12 years in state prison, as follows:

- six years (upper term) for first degree burglary of home on Boulder Ridge Trail property,
- consecutive eight months for attempted first degree burglary of Howard Drive home,
- consecutive eight months for second degree burglary of outbuilding on Boulder Ridge Trail property,
- consecutive eight months for possession of ammunition by a convicted felon,
- concurrent eight months for grand theft of a firearm,
- consecutive one year for causing a loss in excess of $65,000 at the Boulder Ridge Trail property,
- consecutive two years for committing the Boulder Ridge Trail crimes while on bail,
- and consecutive one year for his prior felony conviction.

## DISCUSSION

### I

### *Denial of Severance Motion*

Defendant contends the trial court abused its discretion and violated his constitutional due process and fair trial rights when it denied his pretrial motion to sever count 1 (Howard Drive property) from the remaining counts (Boulder Ridge Trail property). To the contrary, the trial court properly denied the motion to sever.

4

Penal Code section 954.1 authorizes the joinder of offenses "of the same class of crimes or offenses [that] have been charged together in the same accusatory pleading . . . , [and] evidence concerning one offense . . . need not be admissible as to the other . . . offenses before the jointly charged offenses may be tried together before the same trier of fact."

However, severance may be constitutionally required if joinder of the offenses would be so prejudicial as to deny the defendant a fair trial. (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1244.) "A defendant, to establish error in a trial court's ruling declining to sever properly joined charges, must make a ' "clear showing of prejudice to establish that the trial court abused its discretion . . . ." ' [Citations.] A trial court's denial of a motion to sever properly joined charged offenses amounts to a prejudicial abuse of discretion only if that ruling ' " ' " 'falls outside the bounds of reason.' " ' " ' [Citation.]" (*People v. Soper* (2009) 45 Cal.4th 759, 774, italics omited.)

In assessing the trial court's exercise of discretion, we consider whether the benefits of joinder outweigh the prejudice to the defendant. (*People v. Hill* (1995) 34 Cal.App.4th 727, 735.) Joinder benefits the state by conserving judicial resources and public funds. Prejudice to the defendant is determined from several factors considered by the trial court in its ruling on the motion, namely "whether evidence of the crimes to be tried jointly would or would not be cross-admissible; whether some of the charges are unusually likely to inflame the jury against the defendant; whether the prosecution has joined a weak case with a strong case (or with another weak case), so that a 'spillover' effect from the aggregate evidence on the combined charges might alter the outcome as to one; and whether any of the joined charges carries the death penalty. [Citations.]" (*People v. Musselwhite, supra,* 17 Cal.4th at p. 1244; *Williams v. Superior Court* (1984) 36 Cal.3d 441, 452-454.)

5

Because the law favors joinder, defendant must make a stronger showing of potential prejudice than would be required to exclude other crimes evidence in a severed trial. (*People v. Arias* (1996) 13 Cal.4th 92, 127.)

In the trial court, defendant agreed that the crimes were of the same class under Penal Code section 954.1. But defendant argued that joinder in this case would be prejudicial. His attorney said: "[W]e have one burglary where he is found in possession of stolen property but it is weeks later, and we have another so-called burglary where he is ID'd but there is really nothing stolen at all, and we have a real classic issue of mixing and mashing the burglary on the one hand and the ID on the second burglary and making it two burglaries." To the contrary, the factors relevant to joinder favored denial of the severance motion.

The evidence of the crimes was cross-admissible. For example, defendant's burglary of the Boulder Ridge Trail property was evidence that he *intended to steal* from the Howard Drive property, not just to break in. There was no evidence that defendant took anything from the Howard Drive property, but the Boulder Ridge Trail burglary helped establish that defendant's intent in trying to break into the Howard Drive property was to steal something. Also, the Howard Drive attempted burglary was probative as to whether defendant burglarized the Boulder Ridge Trail property or instead merely received stolen property because the Howard Drive attempted burglary showed defendant's method of operation – that is, breaking into the residence himself to obtain others' property. Accordingly, the crimes were cross-admissible. (See *People v. Soper, supra,* 45 Cal.4th at pp. 778-779.)

There was also no problem with inflaming the jury. Nothing about the offenses would likely cause a jury to act irrationally and disregard the court's instructions.

The same is true with the danger of bolstering a weak case with a strong case. Although each alleged burglary had its own challenges of proof for the prosecution (for example, whether defendant intended to enter the Howard Drive property and whether

6

defendant was the actual burglar as to the Boulder Ridge Trail property), neither case was particularly strong or weak. In light of the cross-admissibility, joinder was not prejudicial in this regard.

And finally, the case did not involve the death penalty.

None of the considerations concerning prejudice strongly favored severance. Therefore, the trial court's denial of defendant's motion to sever count 1 from the remaining counts was not an abuse of discretion and did not violate defendant's constitutional due process and fair trial rights.

II

*Sufficiency of Evidence of Boulder Ridge Trail Burglary*

Defendant claims there was insufficient evidence that he burglarized the house and shop on the Boulder Ridge Trail property because none of the physical evidence on the property tied defendant to the scene and it is more likely that others committed the burglaries because they knew the owner would be gone. The contention is without merit.

When a defendant challenges the sufficiency of the evidence, we determine whether a reasonable trier of fact could have found sufficient evidence of the defendant's guilt. The evidence must be reasonable, credible and of solid value. We consider the entire record in the light most favorable to the jury's verdict and presume in support of that verdict the existence of every fact that could be reasonably deduced from the evidence. (*People v. Smith* (2005) 37 Cal.4th 733, 738-739.) The standard is whether substantial evidence supports the jury's verdict, not whether evidence proves the disputed issue beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319 [61 L.Ed.2d 560, 573-574]; *People v. Crittenden* (1994) 9 Cal.4th 83, 139.) The same standard of review applies when a conviction rests, as here, on circumstantial evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

Even where there is no evidence at the scene of a burglary tying the defendant personally to the scene, possession of recently stolen property is so incriminating that

7

only slight additional evidence beyond the possession itself is required to warrant a conviction for burglary. (*People v. McFarland* (1962) 58 Cal.2d 748, 754; *People v. Hopkins* (1963) 214 Cal.App.2d 487, 492.) Suspicious circumstances or conduct tending to show guilt will constitute corroboration justifying an inference of a taking. (*People v. Mendoza (*2000) 24 Cal.4th 130, 176.)

Here, defendant focuses on the fact that nothing found at the Boulder Ridge Trail property tied him to that scene – no DNA, no footprints, nothing. But the absence of evidence at the scene does not establish that the evidence, overall, was insufficient to support the burglary convictions. The sheer amount and variety of property from the Boulder Ridge Trail property found to be in defendant's possession in various places under his control supports an inference that he, himself, took the property from the Boulder Ridge Trail property rather than acquiring it from someone else. While some time had passed (perhaps up to two weeks but certainly no more) since the Boulder Ridge Trail property burglaries, so much of the personal property taken from the Boulder Ridge Trail property was found in places under defendant's control that it is hard to imagine any scenario other than his having personally taken the property that would lead to his possession of all those items and in such diverse places.

Also, the fact that defendant tried to cast suspicion on others of committing the burglary does not establish that the evidence was insufficient. Defendant notes that two men who were working on property adjacent to the Boulder Ridge Trail property knew that the owner would be absent from the property for an extended period of time. Casting suspicion on those men may have been a desirable trial strategy, but it does not support defendant's argument on appeal that the evidence was insufficient that he committed the burglaries.

Therefore, the evidence was sufficient to sustain the burglary convictions.

8

III

*Separate Punishment for Buildings on Boulder Ridge Trail*

Defendant argues that the trial court improperly imposed punishment in violation of Penal Code section 654, which prohibits double punishment for the same act or omission. He contends that he could not be punished separately for the burglaries of the home and the shop on Boulder Ridge Trail. This argument is without merit.

" '[Penal Code] Section 654 precludes multiple punishments for a single act or indivisible course of conduct. [Citation.]' [Citation.]" (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1262.) When it applies, "the accepted 'procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which [Penal Code] section 654 is applicable.' [Citations.]" (*People v. Jones* (2012) 54 Cal.4th 350, 353.) " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of [Penal Code] section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citation.]" (*People v. Correa* (2012) 54 Cal.4th 331, 336.) "A trial court's [express or] implied finding that a defendant harbored a separate intent and objective for each offense will be upheld on appeal if it is supported by substantial evidence. [Citation.]" (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

Defendant cites cases in which defendants were punished for both the burglary and the crime committed inside the structure, such as theft or robbery. (See, e.g., *People v. Alford* (2010) 180 Cal.App.4th 1463, 1468 [burglar may not be separately punished for theft]; *People v. Smith* (1985) 163 Cal.App.3d 908, 912 [burglar may not be separately punished for robbery].) Those cases are inapposite because, here, the house and shop were separate structures that necessarily were unlawfully entered at separate times.

Penal Code section 654 notwithstanding, multiple burglary punishments may lawfully be imposed for each separate felonious entry. (See, e.g., *People v. James* (1977)

9

19 Cal.3d 99, 119 (*James*) [burglary of separate office suites within single commercial building each separately punishable]; *People v. O'Keefe* (1990) 222 Cal.App.3d 517, 522 [multiple burglaries of several dormitory rooms separately punishable] (*O'Keefe*); see also, *In re William S.* (1989) 208 Cal.App.3d 313, 318 [two burglaries of same house several hours apart separately punishable because "second entry . . . was inspired by a desire to purloin additional loot"].)

Defendant's argument is without merit because he feloniously entered two separate buildings. Any other conclusion would allow defendant to burglarize as many buildings as he desired and get punished just once, as long as the buildings happened to be on the same property. That is not the rule. (See *James, supra,* 19 Cal.3d at p. 119.)

Defendant tries to distinguish *O'Keefe, supra,* 222 Cal.App.3d at page 522, in which the defendant was properly punished for multiple burglaries of dormitory rooms under one roof. He claims that the distinguishing factor is that the defendant there took property from multiple victims but here there was only one victim. This attempt to distinguish *O'Keefe* does not help defendant. The principle followed in *O'Keefe* was an exception to the general rule that a defendant may be punished only once for entering each structure – that exception coming when separate victims leased the separate rooms under the same roof. Here, the exception is not relevant to our consideration because defendant entered multiple unconnected structures.

Therefore, the evidence was sufficient to justify the trial court in concluding that defendant harbored separate intents and divisible courses of conduct as to the two structures and properly imposed punishment for each burglary.

Defendant also contends that punishing him separately for the two burglaries violated his constitutional due process rights because it violated Penal Code section 654. That contention is without merit because there was no violation of the statute.

10

IV

*Separate Punishment for Theft of Firearm and Possession of Ammunition*

Defendant contends, and the Attorney General concedes, that the trial court erred by not staying punishment for theft of a firearm and possession of ammunition by a convicted felon. We also agree.

Penal Code section 654 precludes punishment for both burglary and for the theft of the personal property the burglar entered the structure to steal. (*People v. Alford, supra,* 180 Cal.App.4th at p. 1468.) The same section precludes punishment for both burglary and possession of the item stolen, even when possession of that stolen item is a crime because the defendant is a convicted felon. (See *People v. Atencio* (2012) 208 Cal.App.4th 1239 [defendant may not be punished separately for theft of firearm and subsequent possession of firearm by convicted felon].)

The trial court imposed a concurrent term of eight months for grand theft of a firearm that he obtained during the burglary and a consecutive term of eight months for possession by a convicted felon of ammunition that he also obtained in the burglary. Those terms must be stayed pursuant to Penal Code section 654.

DISPOSITION

The judgment is modified by staying, pursuant to Penal Code section 654, the terms imposed for grand theft of a firearm and possession of ammunition by a convicted felon. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and send it to the Department of Corrections and Rehabilitation.

                    NICHOLSON          , Acting P. J.

We concur:

        BUTZ            s, J.


        MAURO          , J.

11