Filed 11/4/15  P. v. Whitfield CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B255148 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA096558) |
| v. | |
| DAVION TYRONE WHITFIELD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Tomson T. Ong, Judge.  Affirmed.

Jeffrey J. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill, Garrett A. Gorlitsky, and Blythe Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Davion Tyrone Whitfield (defendant) appeals his robbery conviction, claiming that it was unsupported by substantial evidence. Finding no merit to defendant's contention, we affirm the judgment.

## BACKGROUND

Defendant was charged with second degree robbery in violation of Penal Code section 211.[1] The information also alleged that defendant personally used a deadly and dangerous weapon, a knife, in the commission of the offense, within the meaning of section 12022, subdivision (b)(1). The information further alleged pursuant to 667, subdivision (a)(1), that defendant had suffered a prior serious felony conviction which qualified as a strike within the meaning of the "Three Strikes" law (§§ 667, subd. (b)-(i) & 1170.12, subd. (a)-(d)).

A jury found defendant guilty of second degree robbery as charged, but found not true the allegation that defendant personally used a deadly and dangerous weapon. In a bifurcated proceeding, defendant admitted the prior conviction allegations. On March 20, 2014, the trial court sentenced defendant to total prison term of 15 years, comprised to the upper term of five years, doubled as a second strike, plus five years due to the prior serious felony. The court imposed mandatory fines and fees, and granted defendant 254 days of custody credit, which included 221 actual days and 33 days of conduct credit. Defendant filed a timely notice of appeal from the judgment.

### Evidence

Defendant entered the New Liquor Market in Long Beach on August 11, 2013, with a large, school-type backpack which looked empty. While in the store defendant picked up some pastries and a beer and walked toward the front door of the store. The cashier, Josefina Gonzalez, testified that she had seen defendant take items from the store without paying for them on prior occasions. She had told defendant to stop taking things and had warned him the next time she would call the police. Gonzalez alerted another

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

store employee, Donald Womack, who came out of the stock room and followed defendant out of the store.

Womack testified that he first saw defendant while he was still in the store by the front door, trying to put a two-liter bottle of soda in his backpack. As defendant walked out of the store without paying Womack called him to come back. Defendant continued to the sidewalk outside, still trying to get the soda into his backpack, which he held in front of him. As Womack followed, defendant's back was toward him and he could not see the backpack, but it appeared to Womack that defendant was still trying to get the soda inside. Womack told defendant to bring back the item, that they had called the police, and that the police would be coming. When Womack approached to within five to ten feet of defendant, defendant partially turned toward Womack. Womack described how defendant twisted his upper body around enough for Womack to see the backpack. Defendant appeared to be pulling something out of the backpack in order to make room for the soda bottle. When he got the object part-way out of the backpack, while still trying to put the soda inside, Womack saw a knife. Womack saw enough to estimate the knife's length as about 10 to 11 inches long. Though defendant did not fully remove the knife from the backpack and he did not point the knife or threaten to cut Womack, Womack was afraid and felt threatened. Fearing for his safety, Womack went back into the store and Gonzalez called 911.[2]

---

[2] As part of his statement of facts and again in his argument, defendant quotes the following comment, made by the court during an instruction conference: "Now, I will share with you that it actually should be petty theft with a prior." Defendant implies that the court was commenting on the evidence; however, it was not a comment on the evidence. The court was referring to instructions on lesser included offenses, and was giving defense counsel the option to have the court instruct as to petty theft with a prior conviction or just petty theft. Counsel chose just a petty theft instruction.

3

## DISCUSSION

Defendant contends that there was insufficient evidence to support a robbery conviction.

"The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" (*People v. Jones* (1990) 51 Cal.3d 294, 314.) "The same standard applies when the conviction rests primarily on circumstantial evidence. [Citation.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) "An appellate court must accept logical inferences that the jury might have drawn from the circumstantial evidence. [Citation.]" (*People v. Maury* (2003) 30 Cal.4th 342, 396.)

"[B]ecause 'we *must* begin with the presumption that the evidence . . . *was* sufficient,' it is defendant, as the appellant, who 'bears the burden of convincing us otherwise.' [Citation.]" (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1430.) Reversal on a substantial evidence ground "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "'[T]he crime of robbery is a continuing offense that begins from the time of the original taking until the robber reaches a place of relative safety.' [Citation.] It thus is robbery when the property was peacefully acquired, but force or fear was used to carry it away. [Citation.]" (*People v. Anderson* (2011) 51 Cal.4th 989, 994; see also *People v. Flynn* (2000) 77 Cal.App.4th 766, 771-772.) A robbery may consist of the use of force or fear to prevent a store employee from retaking stolen property. (See *People v. Estes* (1983) 147 Cal.App.3d 23, 27-28.)

4

Defendant does not contend that the evidence was insufficient to prove that he took items from the store with the intent to steal them. He argues that there was no evidence that he attempted or intended to use the knife to threaten Womack or apply force to him, and no evidence that defendant was even aware of Womack's presence. Defendant argues that the evidence instead suggested that the exposure of the knife was merely incidental to defendant's effort to insert the soda bottle into his backpack, and it was thus accidentally viewed by Womack.

Defendant's arguments are based upon the flawed premise that the prosecution was required to prove that defendant *intended* to frighten Womack or to use the knife to apply force to him. Neither intent was required, as the only specific-intent element of robbery is the intent to steal; "robbery does not include an intent to apply force against the victim or to cause the victim to feel fear." (*People v. Anderson, supra*, 51 Cal.4th at p. 991; see also p. 995.) Even an accidental act of force or intimidation by which the taking or carry away is accomplished is sufficient, so long as it was motivated by the intent to steal. (*Id.* at pp. 994-995, 999 [car thief accidentally struck owner with car].)

Nor was the prosecution required to prove that defendant threatened or attempted to use force against Womack. While most robberies involve actual or threatened force which causes the victim to be afraid, the victim's fear need not be the result of an express threat or induced by the defendant's use of a weapon. (*People v. Morehead* (2011) 191 Cal.App.4th 765, 775; *People v. Flynn, supra*, 77 Cal.App.4th at p. 771.) Robbery convictions have been upheld in cases where the defendant merely displayed a weapon without threatening to use it against the victim. (See, e.g., *In re Anthony H.* (1980) 108 Cal.App.3d 494, 497 [defendant blocked victim's path while holding a knife]; *People v. Harris* (1977) 65 Cal.App.3d 978, 989 [use of butcher knife to open display case].)

Since the evidence establishing that the knife was exposed as defendant attempted to place a stolen soda into his backpack, it is indisputable that his conduct was motivated by his intent to steal the soda. Under such circumstance, even if defendant had intended only to move the knife to facilitate the insertion of the soda, and even if Womack's observation of the knife could reasonably be construed as accidental, such facts would

5

provide no defense to robbery. (See *People v. Anderson, supra*, 51 Cal.4th at pp. 994-995, 999.)

"To establish a robbery was committed by means of fear, the prosecution 'must present evidence ". . . that the victim was in fact afraid, and that such fear allowed the crime to be accomplished."' [Citations.]" (*People v. Morehead, supra*, 191 Cal.App.4th at p. 772.) "It follows . . . that the willful use of fear to retain property immediately after it has been taken from the owner constitutes robbery. So long as the perpetrator uses the victim's fear to accomplish the retention of the property, it makes no difference whether the fear is generated by the perpetrator's specific words or actions designed to frighten, or by the circumstances surrounding the taking itself." (*People v. Flynn, supra*, 77 Cal.App.4th at p. 772.)

Contrary to defendant's argument that there was no evidence that defendant was aware of Womack's presence, the jury could reasonably have inferred from the circumstances that defendant was aware that Womack had followed him. Womack testified that as defendant was walking out the front door, he called to him to come back. He said something like, "Come here. Bring me the stuff back. We called the police." Womack demonstrated for the jury how loud his voice was when he called to defendant. Defendant points to no evidence to suggest Womack's voice was not loud enough for defendant to hear him. When defendant reached the sidewalk and Womack was within five or ten feet of him, defendant was facing away, but he twisted his upper body around so that his front-held backpack became visible to Womack.[3] It was then that defendant pulled the knife part of the way out of the backpack as he continued to try to insert the stolen soda. Womack testified that as soon as defendant pulled out the knife, Womack was afraid, felt threatened, and returned to the store.

---

[3] Defendant's claim that he "never turned toward Womack, 'even slightly'" is a mischaracterization of the record and a misquote. The prosecutor asked, "Did he turn slightly toward towards you?" After his confusing reply, "No, no, uh-huh," Womack gave a demonstration and explained, "He twisted his body, but he didn't turn his whole body." The court stated: "The record will reflect it appears he pulled his right shoulder back towards the person behind him."

From such evidence the jury could reasonably infer that defendant turned toward Womack because he knew Womack was following him. In addition, the jury could reasonably infer that defendant was aware that he had a large knife in his hand and knew that his conduct would cause fear. Indeed, when first asked whether he was afraid for his safety upon seeing the knife, Womack replied, "I think anybody would be." The jury could also reasonably infer from the circumstances that Womack immediately returned to the store because of the fear caused by seeing the knife. Finally, the jury could reasonably infer that the fear which caused Womack to return to the store prevented Womack from recovering the stolen items. In sum, substantial evidence supported a finding "'"that the victim was in fact afraid, and that such fear allowed the crime to be accomplished."' [Citations.]" (*People v. Morehead, supra*, 191 Cal.App.4th at p. 772.)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST


7