Filed 5/5/16  P. v. Rojo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESUS RUBEN ROJO,<br><br>        Defendant and Appellant. | B260791<br><br>(Los Angeles County<br>Super. Ct. No. VA133784) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Higa, Judge.  Affirmed as modified.

        Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Blythe J. Leszkay and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Jesus Ruben Rojo of assault likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4), count 1)[1], assault on a peace officer (§ 245, subd. (c), count 2), and four counts of making criminal threats (§ 422, counts 3-6). The jury also found true an allegation that defendant personally used a deadly or dangerous weapon while making the criminal threats (§ 12022, subd. (b)(1)); no such enhancement was alleged or found true as to either of the assault counts. When sentencing defendant, however, the trial court imposed an additional year in prison for use of a deadly weapon in connection with count 2. Defendant contends and the Attorney General concedes the imposition of the enhancement on count 2 was error. We agree. Accordingly, we strike the one-year sentence enhancement for use of a deadly weapon on count 2 and affirm the judgment as modified.

## BACKGROUND

During the early morning hours of February 4, 2014, defendant punched his 76-year-old mother in the face, grabbed her by the hair, and took her cell phone. Defendant's mother ran out of the house and alerted a neighbor, who telephoned law enforcement. When uniformed sheriff's deputies arrived on the scene, defendant yelled comments like "I'm gonna kill him, I'm gonna kill you" and "I'm gonna fucking kill you." Defendant also brandished a machete at the deputies, all of whom testified that they were fearful of him. After one of the deputies fired "stun bags" at defendant, he retreated into the house and shut the door. The deputies used a battering ram in an attempt to open the door. The second time the battering ram struck the door, defendant lunged out and struck the ram and possibly one of the deputies' arms with the machete. The affected deputy's arm was scratched and he fell off the porch. Defendant lunged out of a nearby window and thrust the machete at the deputy's face. Eventually, the deputies entered the house and managed to subdue and arrest defendant.

---

[1]All further statutory citations are to the Penal Code unless otherwise indicated.

The Los Angeles County District Attorney filed an information charging defendant with one count of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4), count 1), four counts of assault upon a peace officer (§ 245, subd. (c), counts 2, 8, 9, and 10), four counts of making criminal threats (§ 422, subd. (a), counts 3-6), and one count of attempted murder (§§ 664/187, subd. (a), count 7).  The information further alleged that defendant personally used a deadly or dangerous weapon while making the criminal threats and attempting to murder the deputy who was knocked off the porch. (§ 12022, subd. (b)(1).)

A jury found defendant guilty of assaulting his mother by means likely to produce great bodily injury (count 1), assaulting the peace officer at whom he thrust the machete (count 2), and making criminal threats to four officers who were on the scene (counts 3-6).  The jury also found true the allegation that defendant personally used a dangerous weapon while making the criminal threats.  The jury returned a verdict of not guilty on the attempted murder charge (count 7), and the court declared a mistrial as to the three remaining counts of assaulting a peace officer (counts 8-10).

The court sentenced defendant to the middle term of four years on count 2 and imposed an additional year for the use of a dangerous or deadly weapon pursuant to section 12022, subdivision (b)(1).  The court sentenced defendant to one year (one-third the midterm) on count 1.  It sentenced defendant to eight months (one-third the midterm) on each of counts 3 through 6, and added an additional four months (one-third the midterm) to each of those counts for the section 12022, subdivision (b)(1) enhancements.  The court ordered all of the subordinate terms to be served consecutively, resulting in an aggregate sentence of ten years.

Defendant timely appealed.

## DISCUSSION

Defendant's sole contention on appeal is that the deadly weapon enhancement should not have been imposed on count 2 and must be stricken.  He advances two arguments in support of his position.  First, he contends that the enhancement could not

3

have been imposed on count 2 because his conduct during the commission of the offense rendered the use of a deadly weapon an element of the conviction. In the alternative, he contends the enhancement must be stricken as to count 2 because the information did not allege and the jury did not find true the enhancement on that count. The Attorney General addresses only his first argument, which it concedes is correct. We accept the Attorney General's concession.

In *People v. McGee* (1993) 15 Cal.App.4th 107 (*McGee*), the Court of Appeal considered whether the deadly weapon use enhancement set forth in section 12022, subdivision (b) could be imposed upon a defendant convicted of former section 245, subdivision (a)(1), which at the time provided in pertinent part that "'Every person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury is punishable by imprisonment in the state prison . . . '" (*McGee*, *supra*, 15 Cal.App.4th at p. 112, fn. 2.) The Court of Appeal concluded that the enhancement could not be imposed "when use of a deadly weapon is an element of the offense of which an accused is convicted." (*Id.* at p. 113.) To determine whether use of a deadly weapon was an element of former section 245, subdivision (a)(1), which "speaks in the alternative" (*ibid.*) but "'defines only one offense'" (*id.* at p. 114), the Court of Appeal looked to "the conduct of the accused, i.e., the means by which he or she violated the statute" (*id.* at p. 115). Where the defendant's use of a deadly weapon other than a firearm was the sole means by which he or she violated former section 245, subdivision (a)(1), the Court of Appeal concluded, the use of a deadly weapon properly was considered an element of the offense. Because the enhancement in former section 12022, subdivision (b) by its terms did not apply when use of a deadly weapon is an element of the offense of conviction (see *McGee*, *supra*, at p. 112), the enhancement could not be applied in such a case.

*McGee* is squarely on point here. Like former section 245, subdivision (a)(1), defendant's relevant offense of conviction, section 245, subdivision (c), sets forth two alternative modes by which assault of a peace officer may be committed: "with a deadly

4

weapon or instrument, other than a firearm," or "by any means likely to produce great bodily injury." And, like the defendant in *McGee*, defendant committed the assault only by virtue of his use of a deadly weapon, the machete. Indeed, the District Attorney argued that defendant was charged with "assault upon a peace officer with a deadly weapon," informed the jury "we have to prove that the person committed an assault with a deadly weapon," and identified that weapon as the machete. Under the circumstances of this case, defendant's use of a deadly weapon was an element of his conviction on count 2. Accordingly, section 12022, subdivision (b)(1), which does not apply where "use of a deadly or dangerous weapon is an element of [the] offense," could not be used to increase defendant's sentence. (See *McGee*, *supra*, 15 Cal.App.4th at p. 117.) The Attorney General concedes as much and echoes defendant's request to strike the section 12022, subdivision (b)(1) enhancement attached to count 2.

Other courts have accepted similar concessions and stricken the improperly imposed enhancement. (See *People v. Memory* (2010) 182 Cal.App.4th 835, 838, fn. 1; *People v. Summersville* (1995) 34 Cal.App.4th 1062, 1069.) We do the same.

## DISPOSITION

The judgment is modified to strike the enhancement for use of a deadly weapon (§ 12022, subd. (b)(1)) as to count 2. As so modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment accordingly and to notify the Department of Corrections and Rehabilitation of the amendment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



EPSTEIN, P. J.                                        MANELLA, J.

5