Filed 7/27/16  P. v. Stone CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074420 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035993) |
| v. | |
| WALTER KEVIN STONE, | |
| Defendant and Appellant. | |

Following the jury's verdict, the prosecution agreed to dismiss a pending felony charge in return for which defendant Walter Kevin Stone agreed not to file a motion for new trial, and to limit any appeal to sentencing issues.  Defendant also understood the court would sentence him to the upper term for corporal injury to a cohabitant with the possibility of a consecutive one-year term for assault with a deadly weapon if the court determined Penal Code section 654 did not apply.  The trial court imposed the longer

1

term, but erred by also imposing an enhancement it had earlier found not to be true. Defendant asks us to remand the case for resentencing with instructions not to impose the longer term. For the reasons that follow, we remand for resentencing but without the instructions defendant seeks.

BACKGROUND

In March 2012, defendant lived with Caryann Gonzales. One evening, the two argued for much of the night and into the morning. The argument became physical. Around 2:30 a.m., defendant struck Gonzales in her right thigh with a wooden club wrapped in black electrical tape. He threatened to "crush her head" with the club. He also struck her on her left knee with a screwdriver.

Defendant left the apartment and returned around 5:00 a.m. While Caryann was reaching into the bedroom closet, defendant slammed the closet door on her foot.

The prosecutor charged defendant in count 1 with corporal injury to a cohabitant, the crime occurring within seven years of a conviction for the same crime (Pen. Code, § 273.5, subds. (a), (f)(1));[1] [2] in count 2 with possession of a billy (§ 22210); and in count 3 with assault with a deadly weapon (§ 245, subd. (a)(1)). The prosecutor alleged as special allegations that defendant used a billy club in committing counts 1 and 3 in violation of section 12022, subdivision (b)(1), a dangerous weapon use enhancement; and that he had served a prior prison term within the meaning of section 667.5, subdivision (b). Defendant waived preliminary hearing.

Subsequently, the prosecution filed a second action against defendant (CM036784), charging him with dissuading Caryann from testifying in this case. While in jail awaiting trial in this matter, defendant called Caryann's brother, Edwin Gonzales,

---

[1]    At the time defendant was charged, current subsection (f)(1) was designated as subsection (e)(1). (Stats. 2012, ch. 867 (S.B. 1144) § 16.)

[2]    Undesignated section references are to the Penal Code.

and asked him to get Caryann out of town so she would not be able to testify. Although she had been subpoenaed, Caryann did not appear at trial, and the court issued a warrant for her arrest. Meanwhile, defendant received an email from Edwin saying, " 'What you need has been taken care of brother, so handle your business with your legal battle.' " An investigator found Caryann one month later at her sister's home in Portola, hiding in a closet under some blankets. When called as a witness at trial, Caryann refused to testify, and the court held her in contempt.[3]

During trial on this action, the court gave the jury two unanimity instructions. The instructions stated the prosecution had presented evidence of three acts to prove defendant committed corporal injury: striking Caryann in the thigh with the club, striking her on the knee with a screwdriver, and slamming the closet door on her foot. The instruction also stated the prosecution had presented evidence of two acts to prove defendant committed assault with a deadly weapon: striking with the club, and striking with the screwdriver. The court instructed the jury not to find defendant guilty of the offenses unless each juror agreed either that the prosecution proved defendant committed at least one of the acts and each agreed as to the act he committed for each offense, or that the prosecution proved defendant committed all of the acts and at least the number of offenses charged.

The jury convicted defendant on all counts and found the weapon use allegations on counts 1 and 3 to be true. The verdict forms did not ask the jury to state which acts it found constituted the crimes of corporal injury and assault with a deadly weapon.

---

[3] Diane Freese, defendant's former cohabitant, testified at trial of physical abuse she suffered from defendant. She stated she was afraid to testify because defendant had threatened to kill her when they were in a relationship, and because the night before her testimony, she received a phone call from an unknown person who whispered, " '[T]estify, and you being a dead bitch.' " Defendant admitted he had been convicted in 2006 for domestic violence against Freese.

The trial court found the prior prison term allegation and the prior conviction allegation to be true.

However, the court (Robert A. Glusman, J.) discovered an error in the verdict form for count 1. The form asked the jury to find defendant guilty of committing corporal injury under section 273.5, but it incorrectly asked the jury to find true the weapon use allegation under section 12022 as a result of convicting defendant on count 1 of *assault with a deadly weapon* under section 245. Due to the clerical error on the verdict form, and having already dismissed the jury, the trial court found the weapon use allegation as to count 1 not to be true.

Thereafter, the prosecution and defendant entered into an agreement and recited it to the court (Kristen A. Lucena, J.). Defendant agreed he would not file a motion for new trial, he would waive his appeal rights except for sentencing issues, and he would be sentenced to a prison term of either seven years eight months or six years eight months, calculated as follows: the upper term of five years on count 1; a consecutive eight months (one-third the middle term) on count 2; a consecutive one year for the prior prison term, and, if not barred under section 654, one year (one-third the middle term) on count 3. The parties disagreed over whether the verdicts on counts 1 and 3 were based on separate acts, and they asked the court to decide that issue. In exchange for the defendant's agreements, the prosecution agreed to drop the action against defendant for dissuading Caryann not to testify.[4]

---

[4] Although the jury found true a weapon use enhancement under section 12022, subdivision (b)(1), for count 3, the enhancement is not authorized for a conviction of assault with a deadly weapon under section 245. The weapon use enhancement is not available where "use of a deadly or dangerous weapon is an element" in the commission of the felony. (§ 12022, subd. (b)(1); *People v. McGee* (1993) 15 Cal.App.4th 107, 114-115.) However, the parties did not include the enhancement in their settlement agreement, the court did not impose it when it imposed sentence, and no party has

At sentencing, the court (Glusman, J.) recited it would sentence defendant to state prison for a term of seven years eight months, calculated as follows: the upper term of five years on count 1, plus one year for the weapon use enhancement under section 12022 for count 1; a consecutive eight months on count 2; and a consecutive one year for the prior prison term enhancement. Neither party caught the court's mistake of imposing the weapon use enhancement on count 1 which the court had previously determined was not true.

As for count 3, the court said the sentence would run concurrently, but it did not initially determine a specific term. Moreover, although it said the sentence would run concurrently, the court stated count 3 was not a concurrent act: "I believe it was separated sufficiently in time to make it consecutive. But not withstanding that, the Court's going to honor the agreement reached by the parties."

Defense counsel objected to the court imposing the weapon use enhancement on count 1 not because the court had earlier found the enhancement not to be true, but because, in his opinion, count 1 was based on defendant closing the closet door on Caryann's foot, and a closet door was not a dangerous weapon.

The court said it was basing its ruling "on the fact there were three separate acts of violence here. One with a billy club, one with the closet door, one with a screwdriver. The Court is finding the screwdriver was a dangerous or deadly weapon, giving rise to the enhancement . . . . [¶] . . . The jury made findings under 12022(b)(1) on both Count 1 and Count 3, and so I'm going to go with that." The court then sentenced defendant as it had recited earlier. Also at that time, it stated the term for count 3 was the upper term of four years to run concurrently.

---

claimed the omission was error. Indeed, the Attorney General concedes the enhancement is unlawful in this instance and must be stricken. We agree.

5

ANALYSIS

Defendant contends on appeal (1) the trial court erred by sentencing him to the one-year weapon use enhancement; and (2) on remand for resentencing, we should direct the court to impose a sentence of six years eight months. He argues we should so direct the trial court because (a) section 654 bars consecutive sentencing on count 3 due to the fact the information alleged defendant committed both counts 1 and 3 by use of a billy club, and (b) defendant was not put on notice by the pleading that he would be charged for any act other than use of the billy club.

The Attorney General agrees the trial court erred by sentencing defendant to the weapon use enhancement on count 1, but she argues section 654 does not prevent the court on remand from imposing a sentence of seven years eight months, as agreed to by the parties, by imposing a consecutive sentence of one year (one-third the midterm of three years) on count 3. She acknowledges the information charged defendant in count 3 with committing an assault with the billy club and, as an enhancement to count 1, charged defendant with committing corporal assault with a billy club. However, she contends the language of count 1 did not limit itself to a billy club, and the jury was instructed by means of the unanimity instructions it could find defendant guilty of count 1 based on defendant's use of the billy club, the screwdriver, or the closet door. She argues we can reasonably infer from the record that the jury found defendant guilty on count 1 based at least on his act of slamming the victim's foot with a closet door.

We conclude the trial court incorrectly imposed sentence for the weapon use enhancement on count 1. A sentence enhancement based on an enhancement found not to be true is an unauthorized sentence.

We reject defendant's remaining arguments, and remand the matter for resentencing without directing the court to impose a sentence no greater than six years

eight months.[5]  In *People v. McCoy* (2012) 208 Cal.App.4th 1333, 1340, this court held that a trial court exercising its sentencing discretion under section 654 may base its decision on *any* facts that are in evidence at trial, without regard to the verdicts, unless some circumstance in those verdicts forecloses the trial court from doing so.  For example, in *People v. Siko* (1988) 45 Cal.3d 820, both the charging document and the verdicts specified two particular sex offenses as the basis for generic charges of lewd and lascivious conduct.  Neither the closing argument nor the instructions suggested any other basis for the molestation counts.  (*Id.* at p. 826.)  "*Siko* is thus authority that where there is a basis for identifying the specific factual basis for a verdict, a trial court cannot find otherwise in applying section 654."  (*People v. McCoy*, *supra*, at p. 1339.)  Where there is not a basis for identifying the specific factual basis for a verdict, the trial court is not foreclosed from considering all the available evidence in making its decision under section 654.

Here, the information originally foreclosed the trial court from sentencing on counts 1 and 3 consecutively, as both counts were based on the same act, striking Caryann with a billy club.  However, the prosecution submitted evidence of two additional separate and different acts not alleged in the information to establish guilt under both counts, and the court instructed the jury it could convict defendant on any of those acts.  These actions had the effect of amending the information.

---

[5]  Our review is limited under the California Rules of Court solely to defendant's claim under section 654 against the sentence imposed on counts 1 and 3.  "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record."  (Cal. Rules of Court, rule 4.412(b).)  Defendant asserted his claim under section 654 when the parties recited the settlement agreement to the court, but limited it to the sentences applied on counts 1 and 3.  That, in turn, limits our review accordingly.

Defendant thus argues he did not receive constitutionally adequate notice of the charges against him, and section 654 should prevent the court from sentencing him consecutively on counts 1 and 3 as they were originally charged. But defendant did not object to the admission of the evidence, the unanimity instructions, nor to the prosecution's closing argument explaining the role of the three acts. He thereby forfeited any claim he may have had for being tried for an offense different than the one alleged in the information. (See *People v. Burnett* (1999) 71 Cal.App.4th 151, 178-179 [failure to object to prosecution for a crime not subject to preliminary examination and the giving of a unanimity instruction forfeits claim of error].)

Accordingly, because the jury instructions and the verdict forms authorized the jury to convict defendant on any of three separate acts, the trial court has discretion under section 654 to base its sentencing decision on the evidence of those three acts introduced at trial and sentence defendant consecutively on counts 1 and 3.

In his reply brief, defendant contends for the first time his trial counsel rendered ineffective assistance of counsel by not objecting to the additional evidence and instructions. A claim of ineffective assistance of counsel raised by a defendant for the first time in a reply brief is forfeited. (*People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9.)

DISPOSITION

The judgment is affirmed, and the matter is remanded solely for resentencing in accordance with this opinion.

                NICHOLSON  , J.


We concur:

  RAYE     , P. J.


  HOCH     , J.