Filed 12/2/20  P. v. Valenzuela CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073607 |
| v. | (Super.Ct.No. FWV19001112) |
| ISIAH RAY VALENZUELA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed as modified.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

## STATEMENT OF THE CASE[1]

On April 17, 2019, an information charged defendant and appellant Isiah Ray Valenzuela with attempted carjacking under Penal Code[2] sections 664 and 215, subdivision (a) (count 1), and assault with a deadly weapon under section 245, subdivision (a)(1) (count 2). The information also alleged that defendant (1) had personally used a deadly and dangerous weapon under section 12022, subdivision (b)(1); (2) had committed a prior serious felony under section 667, subdivision (a)(1); and (3) had two prior convictions for which he served prior prison terms under sections 667.5, subdivision (b), and 1170.12.

On June 14, 2019, a jury convicted defendant of assault with a deadly weapon (count 2), and found true an allegation that he personally used a dangerous weapon, a screwdriver, in the commission of the offense. The day prior, the parties stipulated that defendant had committed a prior strike, suffered a prior serious felony conviction, and two prior prison terms.

On July 16, 2019, the trial court sentenced defendant to 10 years in prison as follows: low term of two years, doubled, for count 1, for a total of four years; one year for the personal use of a dangerous weapon; and five years for the prior serious felony conviction. The court also imposed an additional two years for defendant's two prior

---

[1] The facts are not relevant to this appeal.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

convictions, but stayed the sentence on the enhancements. Thereafter, the court awarded defendant 699 days of credit, and imposed various fines and fees.

On August 29, 2019, defendant filed a timely notice of appeal.

**DISCUSSION**

A. DEFENDANT'S ENHANCEMENT FOR PERSONAL USE OF A
   WEAPON SHOULD BE STRICKEN

In this case, the People charged defendant with assault with a deadly weapon under section 245, subdivision (a)(1), and also separately alleged that defendant personally used a dangerous and deadly weapon under section 12022, subdivision (b)(1). The jury found the enhancement to be true, and the court imposed an additional year to defendant's sentence under section 12022, subdivision (b)(1).

Defendant contends that "the section 12022 enhancement must be stricken because use of a dangerous or deadly weapon is an element of assault with a deadly weapon." The People agree. We agree with the parties and strike the section 12022 enhancement.

Section 245, subdivision (a)(1), provides that "any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment." (§ 245, subd. (a)(1).)

Section 12022, subdivision (b)(1), provides as follows:

"A person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for one year, *unless use of a deadly or dangerous weapon is an element of that offense.*" (Italics added.)

3

The plain language of section 12022, subdivision (b), clearly states that a conviction for assault with a deadly weapon under section 245, subdivision (a)(1), cannot be enhanced under section 12022, subdivision (b), because use of a deadly weapon is an element under section 245, subdivision (a)(1). (*People v. Summersville* (1995) 34 Cal.App.4th 1062, 1070; *People v. McGee* (1993) 15 Cal.App.4th 107, 110, 112.)

Therefore, the section 12022, subdivision (b), enhancement must be stricken.

B. DEFENDANT'S ENHANCEMENTS FOR HIS PRIOR PRISON TERMS SHOULD BE STRICKEN UNDER SENATE BILL NO. 136 (SB 136)

Defendant contends that "the enactment of Senate Bill No. 136 requires striking the two one-year enhancements imposed on [defendant]'s sentence under Penal Code section 667.5, subdivision (b)." The People agree with defendant. For the reasons set forth *post*, we agree with the parties and strike the prior prison term enhancements.

In this case, defendant admitted the truth of two prior-prison-term enhancement allegations under section 667.5, subdivision (b), based on his prior convictions under sections 459 (burglary) and 30305, subdivision (a)(1) (persons prohibited from owning a firearm). The court imposed a one-year term for each of defendant's prior-prison-term enhancements.

On July 16, 2019, when defendant was sentenced, trial courts had the discretion to impose an additional one-year enhancement for each separate prior prison term served by a defendant when that defendant has not remained free of prison custody for at least five years prior to committing the current offense. (§ 667.5, subd. (a); see *People v. Bradley*

4

(1998) 64 Cal.App.4th 386, 392-396 [trial courts retain discretion to strike prior-prison-term enhancements in the interests of justice].)

On October 8, 2019, the Governor signed SB 136, effective January 1, 2020. SB 136 amended Penal Code section 667.5, subdivision (b). Under SB 136, Penal Code section 667.5, subdivision (b), now limits one-year enhancements for prior convictions to cases where the prior conviction was for a sexually violent offense, as defined in subdivision (b), of section 6600 of the Welfare and Institutions Code.

Both parties agree that defendant is entitled to the benefit of the change in the law. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 680-681.) In *In re Estrada* (1965) 63 Cal.2d 740, the California Supreme Court held that absent evidence to the contrary, the Legislature intended amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendments' operative dates. (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308 [discussing *Estrada*]; *People v. Brown* (2012) 54 Cal.4th 314, 323 [same].) In an analogous situation in which new legislation ended the statutory prohibition on a trial court's ability to strike firearm enhancements under sections 12022.5 and 12022.53, courts of appeal have held that the new statutory amendment applies retroactively to all nonfinal judgments. (See *People v. Chavez* (2018) 22 Cal.App.5th 663, 708-712; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506-507; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1089-1091; *People v. Robbins* (2018) 19 Cal.App.5th 660, 678-679.) Moreover, courts of appeal have held that the newly founded discretionary authority to strike five-year enhancements under section 667, subdivision (a), is also retroactive.

5

(*People v. Jones* (2019) 32 Cal.App.5th 267, 273; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971-972.) The reasoning in those cases applies in this case because SB 136 is an ameliorative change in the law that provides for a reduced sentence.

In this case, defendant's judgment was not final when SB 136 went into effect on January 1, 2020. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [finality includes the 90-day period in which an appellant could seek certiorari in the United States Supreme Court after the California Supreme Court denies review]; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5.) As a result, the change in section 667.5, subdivision (b), applies to defendant retroactively. Moreover, because the bases for defendant's prior-prison-term enhancements were not for a specified sexually violent offenses, the enhancements under section 667.5, subdivision (b), should be stricken.

### DISPOSITION

The judgment is modified by striking the Penal Code section 12022, subdivision (b), and Penal Code section 667.5, subdivision (b), enhancements. The trial court is ordered to prepare a new abstract of judgment and forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                                                         J.

We concur:

RAMIREZ
                P. J.

FIELDS
                J.