Filed 8/28/24  P. v. Thomas CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODERICK THOMAS,<br><br>    Defendant and Appellant. | A167755<br><br>(San Francisco City & County<br>Super. Ct. No.13024835,<br>SCN221214-02) |

At a Penal Code[1] section 1172.6 hearing, the trial court sentenced Roderick Thomas to 13 years in prison, which included two years for an enhancement imposed under section 12022, subdivision (d).  Thomas argues, and we agree, that the enhancement was unauthorized and not supported by the evidence.  We strike the section 12022, subdivision (d) enhancement.  In all other respects, we affirm.

## I.  BACKGROUND[2]

Thomas was involved in a shooting in the home of a neighbor from whom he sometimes bought marijuana.  On the evening of the crime, Thomas contacted his neighbor, D'Andre W., to buy a much larger amount of

---

[1] All statutory references are to the Penal Code.

[2] We incorporate by reference our nonpublished opinions in Thomas's prior appeals, *People v. Thomas* (Feb. 29, 2016, A142916) (*Thomas I*) and *People v. Thomas* (May 18, 2021, A159153) (*Thomas II*).

marijuana than usual. D'Andre W. had gone out with some friends and told Thomas to meet him back at his house. Thomas went into the house with two other men, and they rummaged through D'Andre W.'s property. When D'Andre W. returned with his friends, one of the friends, Jahmad Karriem, was fatally shot by an unknown person. One of Thomas's associates said it was Thomas who shot Karriem. Thomas, on the other hand, claimed he was caught between Karriem and the shooter as shots flew and that the others coerced him into letting them in to D'Andre W.'s house so they could steal from him.

## A. *Thomas Is Prosecuted for Felony Murder and Pleads Guilty to Manslaughter*

Thomas was convicted by a jury of burglary and felony murder in 2014. In *Thomas I*, we reversed, holding the trial court prejudicially erred when it failed to instruct the jury on the defense of duress. (*Thomas I, supra,* A142916.)

On remand, the People again charged Thomas with burglary and felony murder. In 2016, he pled guilty to voluntary manslaughter. The trial court sentenced Thomas to 19 years in prison based on the upper term for voluntary manslaughter plus enhancements for a prior felony under section 667, subdivision (a)(1) and for knowledge of an armed principal in the commission of a specified drug offense under section 12022, subdivision (d). The court dismissed the remaining counts and allegations.

Thomas petitioned the trial court for resentencing under former section 1170.95, which authorized resentencing of individuals convicted of felony murder or murder under a natural and probable consequences theory. The trial court denied his petition, on the basis that the statute did not apply to a manslaughter conviction. We affirmed. (*Thomas II, supra,* A159153.)

2

**B.**     *Thomas Is Resentenced Under Section 1172.6*

Following *Thomas II*, the Legislature amended section 1170.95 and renumbered it as section 1172.6, which is how we refer to it from here on. (*Torres v. Superior Court* (2023) 94 Cal.App.5th 497, 502, fn. 1.)  The amendments were "to include defendants . . . convicted of manslaughter" who "accepted a plea in lieu of a trial in which [they] could have been convicted of murder." (*Id.* at p. 503.)  Thomas again petitioned for resentencing under section 1172.6.  This time, the People agreed that he was eligible under the amended statute.

The parties waived a resentencing hearing and stipulated that Thomas was eligible to have the manslaughter conviction vacated.  The manslaughter charge was redesignated as a first degree burglary, again with enhancements under section 667, subdivision (a)(1) and section 12022, subdivision (d).

The court sentenced Thomas to the upper term of six years in prison for the burglary.  The court found true the two enhancements in accord with Thomas's admission as part of his plea.  For the prior felony conviction (§ 667, subd. (a)(1)), the court imposed five consecutive years, and for the arming enhancement (§ 12022, subd. (d)), the court imposed an additional two consecutive years.

Defense counsel objected that there was no basis for the section 12022, subdivision (d) enhancement because the crime did not involve a requisite drug offense specified in subdivision (c) of that section.  (*People v. Overten* (1994) 28 Cal.App.4th 1497, 1503.)  In response to counsel's objection, the court asked whether Thomas was "going [to D'Andre W.'s house] to . . . buy drugs . . . ?"  Defense counsel responded, "[H]e thought he was going to buy marijuana.  [But] I haven't seen any argument by the DA that that's the offense in question."  The prosecutor argued that the enhancement should

3

remain in place because the parties had stipulated to the enhancement and "there was very much a drug element to what was taking place." The court agreed: "[T]hat's how the whole thing started, according to the preliminary hearing transcript, [when Thomas] called [D'Andre W. and] said, 'Hey I'm going to buy more drugs than I ever bought from you before.'" Neither the prosecutor nor the trial court identified a drug offense specified in section 12022, subdivision (c) that would support the enhancement.

## II. DISCUSSION

Thomas contends the trial court prejudicially erred by imposing the section 12022, subdivision (d) enhancement because the evidence suggests only that he was involved in the potential sale of marijuana. Because the sale of marijuana is not an offense listed in section 12022, subdivision (c), which may support that enhancement, we agree. As we will explain, section 1172.6 does not permit a court to impose a sentencing enhancement that was not proven in the underlying proceedings. (*People v. Arellano* (2024) 16 Cal.5th 457, 464 (*Arellano*).)[3]

### A. *Legal Background*

Where a manslaughter conviction is vacated under section 1172.6, "any allegations and enhancements attached to the conviction" shall also be vacated and the defendant shall be resentenced on any remaining charges "as if the [defendant] had not previously been sentenced." (§ 1172.6, subd. (d)(3) & (1).) Where, as here, murder was "charged 'generically,' without any finding on the 'target offense or underlying felony,'" then "the conviction

---

[3] Thomas argued when the court imposed this new sentence, and continues to argue here, that an underlying drug offense must be directly charged to support a section 12022, subdivision (d) enhancement. We need not address this issue because there is no evidence of a qualifying drug offense, whether charged or not.

4

'shall be redesignated as the target offense or underlying felony for resentencing purposes' " pursuant to section 1172.6, subdivision (e). (*Arellano, supra*, 16 Cal.5th at p. 469.)

In *Arellano*, the Supreme Court recently held that "section 1172.6, subdivision (e) does not permit a court to impose a sentencing enhancement" unless the enhancement was previously "pled and either proven to the trier of fact or by the defendant's admission in open court." (*Arellano, supra*, 16 Cal.5th at p. 464.) The statute does not authorize courts "to litigate and then impose" new enhancements "during the redesignation and resentencing phase." (*Id.* at p. 472.)[4]

Whether the trial court properly imposed the section 12022, subdivision (d) enhancement here turns on the interpretation of the enhancement provision and of section 1172.6, issues we review de novo. (*People v. Fouse* (2024) 98 Cal.App.5th 1131, 1145; *People v. Johnson* (2022) 86 Cal.App.5th 258, 262.)

## B.     *The Enhancement Was Not Proven in the Underlying Proceedings*

*Arellano* suggests that an enhancement proven to the trier of fact in the underlying proceedings could be reimposed under section 1172.6, subdivision (e). (*Arellano, supra*, 16 Cal.5th at pp. 464, 471–472.) But here, the section 12022, subdivision (d) enhancement was not proven.

Section 12022, subdivision (d) requires the trial court to impose a one-to three-year sentencing enhancement in situations where a defendant "is not personally armed with a firearm" but, with knowledge that another principal is armed, "is a principal in the commission of an offense or attempted offense

---

[4] *Arellano* expressed "no view" whether it would be correct to impose "an enhancement that *had* previously been pled and proved." (*Arellano, supra*, 16 Cal.5th at p. 473, fn. 4.)

specified in subdivision (c)." Subdivision (c) lists specific Health and Safety Code violations involving drugs that may support the enhancement.

The trial court assumed evidence of one of "these drugs sections" was present. But the court referred only to evidence that Thomas and his associates wanted to buy *marijuana* from D'Andre W. The People never explained how buying marijuana could qualify as "the offense in question." Indeed, it could not. As Thomas explains in his appellate briefing, the Health and Safety Code violations listed in section 12022, subdivision (c) all pertain to drugs other than marijuana or otherwise do not apply factually in this case.[5]

The People assert without analysis that the sale of marijuana *is* an offense enumerated in section 12022, subdivision (c). But they fail to explain the assertion or identify any particular section of the Health and Safety Code that applies in this case. Cannabis-related provisions are set forth at sections 11357 through 11362.9 of the Health and Safety Code; section 12022, subdivision (c) does not list any of these sections among those supporting the enhancement.

Moreover, there was never any finding, apart from Thomas's admission in his plea discussed below, that the section 12022, subdivision (d) enhancement was factually supported. Indeed, the jury rejected this

---

[5] Cannabis is a Schedule I controlled substance identified in Health and Safety Code section 11054, subdivision (d)(13). The offenses listed in section 12022, subdivisions (c) and (d) either do not include cannabis among the specified controlled substances (Health & Saf. Code, §§ 11351, 11351.5, 11352, 11366.6, 11378, 11378.5, 11379, 11379.5) or clearly do not apply here for other reasons (*id.*, §§ 11366.5 [owner, lessee, etc. making space available for unlawful purposes related to controlled substances] & 11379.6 [chemically extracting or synthesizing controlled substances]).

enhancement at trial. The enhancement was not supported because it was unproven and unsupported by the evidence.

C. ***The Enhancement Was Not Proven During Thomas's Plea***

*Arellano* suggests that an enhancement "proven . . . by the defendant's admission in open court" could be reimposed at resentencing under section 1172.6. (*Arellano*, *supra*, 16 Cal.5th at p. 464.) But in entering his plea, Thomas admitted only that he knew a principal was armed "in the course of this manslaughter crime." The record does not mention any drug offense that would trigger subdivisions (c) and (d) of section 12022. Under these circumstances, the enhancement "was not proven" during the plea "because the trial court failed to obtain an adequate admission." (*People v. Bryant* (1992) 10 Cal.App.4th 1584, 1595.)

The People contend that the trial court properly "referenc[ed]" Thomas's plea "in conjunction with evidence presented during the preliminary hearing" to find the enhancement true. But the evidence concerned a marijuana transaction, which does not support the enhancement. The People do not contend the plea could justify the enhancement without a factual basis in the record, nor claim it was binding once Thomas's manslaughter conviction and associated enhancements were vacated. (See § 1172.6, subd. (d)(3).) The enhancement was not proven by Thomas's plea.

D. ***Conclusion and Remaining Issues***

While the trial court ostensibly made a finding that the record supported the section 12022, subdivision (d) enhancement, the finding was based on an incorrect assumption about the offenses encompassed within the statute. The enhancement was not "proven" in the underlying proceedings because there was no evidence of the offenses specified in the statute and Thomas did not admit to any such offense. (*Arellano*, *supra*, 16 Cal.5th at

p. 464.)  The enhancement was unauthorized and we must strike it.  (*People v. McGee* (1993) 15 Cal.App.4th 107, 117.)

Thomas asks us to simply vacate the enhancement or to remand for possible imposition of the section 12022, subdivision (a)(1) enhancement. While it appears that this enhancement would apply to the facts,[6] we will not remand because the trial court is not authorized to impose it on this record. This enhancement was dismissed when Thomas entered his manslaughter plea, and the parties proceeded under section 1172.6, subdivision (d)(2) and waived a resentencing hearing.  In the posture of this case the enhancement is neither pled nor proved in the underlying proceedings as required by *Arellano*.  (*Arellano*, *supra*, 16 Cal.5th at pp. 464–465.)  The statute provides no mechanism for the parties to withdraw their stipulation and now request a resentencing hearing to prove the section 12022, subdivision (a)(1) enhancement was supported.

### III.  DISPOSITION

The sentence is modified to strike the enhancement imposed under section 12022, subdivision (d).  In all other respects, the judgment is affirmed.  The superior court is directed to prepare an amended abstract of judgment reflecting the sentence as modified and to forward a certified copy to the Department of Corrections and Rehabilitation.

---

[6] The enhancement applies to a felony principal if another principal was armed with a firearm; it carries an additional term of one year, versus the two years imposed by the trial court under section 12022, subdivision (d).

SIGGINS, J.*


WE CONCUR:


BANKE, P. J.


LANGHORNE WILSON, J.


A167755
*People v. Thomas*

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9