Filed 4/14/25  In re Edwards on Habeas Corpus CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re SAMUEL EDWARDS<br><br>on<br><br>Habeas Corpus. | D084318<br><br>(Super. Ct. No. SCN262743 & HCN1740) |

ORIGINAL PROCEEDINGS on a petition for writ of habeas corpus. Petition denied.

Samuel Edwards, in pro. per. and John L. Staley, under the appointment by the Court of Appeal, for Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Minh U. Le, Deputy Attorneys General, for Respondent.

Samuel Edwards is currently incarcerated in state prison following his 2010 conviction on four counts of robbery and various enhancements.  He filed a petition for writ of habeas corpus in this court claiming a right to be resentenced pursuant to the procedures established by Penal Code section

1172.75.[1]  The record in support of the petition appeared to indicate that the Department of Corrections and Rehabilitation (CDCR) had already notified Edwards's sentencing court—the San Diego Superior Court—of Edwards's eligibility for resentencing, but that court failed to take any action.  On that basis, we issued an order to show cause as to why relief should not be granted, appointing counsel for Edwards and directing that a supplemental petition be filed.  To assist counsel, we identified several issues that should be addressed.

As it turns out, things are not as they appeared to be.  Edwards's current judgment dates from a resentencing that occurred in February 2021, and it does not include any enhancement "imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5" as is required to obtain relief under section 1172.75.  Moreover, even if such an enhancement had been erroneously imposed as part of that 2021 resentencing, Edwards's remedy would have been to appeal the judgment and point out the error.  Having failed to do so and having suffered no prejudice, no habeas corpus relief is warranted.

## FACTUAL AND PROCEDURAL BACKGROUND

Following his conviction by jury, Edwards was sentenced in November 2010 to an aggregate prison term of 32 years.  The court initially elected to stay a serious felony enhancement under section 667, subdivision (a)(1) and a prison prior enhancement under section 667.5, subdivision (b).  Several months later, however, the prosecution informed the court that it believed the court was without authority to stay the serious felony prior enhancement.  The court agreed, recalled the sentence, added five years, and resentenced

---

[1]     All statutory references are to the Penal Code.

Edwards to an aggregate prison term of 37 years.  The prison prior enhancement apparently remained stayed.[2]

Fast forward to 2019, the Legislature enacted Senate Bill No. 136 (Stats. 2019, ch. 590, § 1) (Senate Bill 136), which amended section 667.5 to limit the one-year prison prior enhancement pursuant to subdivision (b) only to sexually violent offenses.  As a result, for persons sentenced after January 1, 2020, the subdivision (b) enhancement would no longer apply to people like Edwards, convicted of robbery.

In 2021, the trial court again recalled Edwards's sentence, this time based on recent amendments to section 1170.91 that authorized resentencing for current or former members of the military experiencing psychological issues as a result of their military service.  (Stats. 2018, ch. 523.)  The court conducted a full resentencing.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.)  According to the transcript of the resentencing hearing, the court found that the additional evidence regarding the circumstances of Edwards's military service warranted a substantial reduction in his sentence.  His 37-year sentence was reduced to 21 years and four months.  The court struck the section 667, subdivision (a)(1) "nickel" prior; it said nothing about the prison prior enhancement based on section 667.5, subdivision (b).  Following entry of judgment, Edwards did not appeal.

Eight months later, the Legislature enacted Senate Bill No. 483 (Stats. 2021, ch. 728, § 3) (Senate Bill 483), which added section 1172.75 to the Penal

---

[2]     The stay is reflected in the court's minute order, although the oral pronouncement of judgment makes no mention of it.

Code.[3]  Referencing prison prior enhancements imposed before January 1, 2020 pursuant to section 667.5, subdivision (b), the new statute declared them "legally invalid" only excepting enhancements attributable to a prior conviction for a sexually violent offense.  Subdivision (b) of section 1172.75 directed CDCR to identify all persons currently serving time in custody for a judgment that included any now-invalid enhancement and to notify the sentencing court.  Once advised by CDCR, the court was obliged to recall the sentence and resentence the affected defendant, eliminating the repealed enhancement as well as applying any sentencing rules or new laws "that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subds. (c) and (d).)

Relying on Senate Bill 483 and section 1172.75, Edwards filed a petition for writ of habeas corpus in the superior court in May 2024 arguing that he was being improperly denied resentencing.  After that petition was denied, Edwards filed a habeas corpus petition in this court claiming that CDCR "had identified the petitioner as eligible for resentencing."  In support of this assertion, Edwards attached as an exhibit an "Inmate Request for Interview" form dated January 25, 2024 reflecting in its "Disposition" section that "[t]he sentencing court is already made aware and will notify us upon resentence."  Concerned that the superior court had declined to provide resentencing relief despite being advised that Edwards was eligible, we issued an order to show cause.

---

[3]     Section 1172.75 was originally numbered 1171.1.  It was renumbered in 2022 without substantive change.  (Stats. 2022, ch. 58, § 12.)  For sake of clarity, we refer to it throughout this opinion by its current label.

## DISCUSSION

The critical factual predicate for Edwards's habeas corpus petition was his assertion that CDCR "identified [him] as eligible for resentencing" pursuant to section 1172.75 and communicated this fact to the San Diego Superior Court. The parties now agree that CDCR never identified Edwards as eligible for resentencing and never so advised the superior court.[4] Edwards nonetheless argues that CDCR *should have* notified the superior court that he was eligible, and its failure to do so entitles him to relief by way of a writ of habeas corpus. To the contrary, however, we conclude that Edwards is not eligible for resentencing relief under section 1172.75. Accordingly, CDCR did not err in failing to provide notice to the superior court.

Section 1172.75 establishes the grounds and procedures for resentencing based on amendments that substantially narrowed the scope of the section 667.5 prison prior enhancement. The statute identifies eligible prisoners as those "currently serving a term for a judgment that includes" a now-legally invalid enhancement under former section 667.5, subdivision (b), but only if it "was imposed prior to January 1, 2020." (§ 1172.75, subds. (a) and (b).) The date restriction is important because that is the date after which the now-invalid enhancements could no longer be legally imposed. In theory, at least, no sentencing that took place *after* January 1, 2020 should have included a now-invalid prison prior enhancement.

---

4    Edwards indicated in his supplemental petition that "CDCR failed to notify the Superior Court that appellant's sentence included a prior prison term enhancement and that he was eligible for resentencing under section 1172.75." The Attorney General agreed that "CDCR never provided notice to the superior court pursuant to section 1172.75."

Edwards was found guilty and initially sentenced in 2010, then resentenced a few months later in 2011. At that point, he was "serving a term for a judgment that include[d]" a prison prior enhancement that could no longer be imposed effective January 1, 2020 following the passage of Senate Bill 136. But in February 2021, Edwards had his sentence recalled and he was resentenced for reasons unrelated to his prison prior enhancement. By virtue of the changes to section 667.5 effected by Senate Bill 136, the court no longer had the power to impose any sentence on Edwards that included a prison prior enhancement. The transcript of the resentencing hearing—the oral pronouncement of judgment—includes no mention of such an enhancement.[5] Thus, it appears that following his 2021 resentencing, Edwards was no longer " serving a term for a judgment that include[d]" a prison prior enhancement within the meaning of section 1172.75 and so he was ineligible for any relief under that statute. It likewise goes without saying that Edwards was no longer subject to any sentence "imposed prior to January 1, 2020" (§ 1172.75, subd. (a)) because he was resentenced in

---

[5] The abstract of judgment prepared following the 2021 resentencing includes under the heading "ENHANCEMENTS charged and found to be true for PRIOR CONVICTIONS" a reference to a "PC667.5(a)/(1)688" (*sic*) enhancement and indicates it was stayed. The Attorney General asserts this reference is a clerical error. Although Edwards does not rely on the reference to support his argument, his traverse expressly denies that it is an error. Of course, it is Edwards's contention that following his 2021 resentencing he remained subject to a judgment that included a prison prior enhancement under section 667.5, subdivision *(b)*, not (a). The remainder of the reference makes little sense, so we think the Attorney General's explanation is the more reasonable one. In any event, it is well settled that "where there is a discrepancy between the oral pronouncement of judgment and . . . the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The solution, in our view, is to order the superior court to correct the abstract of judgment by deleting the reference to the enhancement. (See *post,* p. 8.)

February 2021. There was, therefore, no statutory basis for CDCR to identify Edwards as a resentencing candidate or to notify the superior court he was eligible for relief.

Edwards contests this reading of the record. He claims that at the February 2021 resentencing, the court was obligated to *dismiss* the prison prior enhancement if it believed it was no longer valid. Relying on section 1385, subdivision (a), he asserts the court was required to state reasons for the dismissal "orally on the record." Because the transcript of the resentencing hearing reflects no mention of the prison prior enhancement, Edwards contends it was never dismissed and accordingly "continued to be part of [his] judgment."

Edwards's analysis might be correct if the prison prior enhancement remained valid at the time of his 2021 resentencing. Then, unless it took some affirmative action to strike or dismiss the enhancement including stating its reasons on the record, the court would have been obligated to impose or stay a corresponding sentence. (See *People v. Bradley* (1998) 64 Cal.App.4th 386, 391.) A failure to do so likely would have resulted in a motion by the prosecutor or a correction request from CDCR. (See generally *People v. Codinha* (2023) 92 Cal.App.5th 976, 994.) But here, as we have explained, when it resentenced Edwards under the law applicable in 2021 the court had no authority to include the prison prior enhancement in the new sentence. Indeed, to do so would have constituted an unauthorized sentence. (See *People v. McGee* (1993) 15 Cal.App.4th 107, 117 [imposition of improper enhancement results in unauthorized sentence].) We presume the court was fully aware of the applicable law and understood that the prison prior enhancement was no longer in play. (See, e.g., *People v. Martinez* (1998) 65

7

Cal.App.4th 1511, 1517.)  Certainly Edwards cannot fairly allege any prejudice where the trial court did exactly what it was legally required to do.

Even if Edwards's reading of the record was correct and the prison prior enhancement somehow remained part of his judgment after the 2021 resentencing, he would still not be entitled to relief.  It is a well settled general rule that habeas corpus is not available to correct an error that could have been addressed on direct appeal.  (*In re Harris* (1993) 5 Cal.4th 813, 829.)  Having failed to appeal the 2021 judgment, he cannot now seek habeas relief to correct what he perceives is a latent error in that judgment.

## DISPOSITION

The petition for writ of habeas corpus is denied.  The superior court is directed to prepare a new abstract of judgment deleting any reference to a "PC667.5(a)/(1)688" (*sic*) enhancement and forward a certified copy to the Department of Corrections and Rehabilitation.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

CASTILLO, J.

8